# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANNE A. SEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:12-1322 |
| | ) Judge Sharp |
| JO-ANN STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Magistrate Judge Griffin has entered an 18-page Report and Recommendation ("R&R") (Docket No. 52) in which she recommends that Plaintiff's Motion to Amend (Docket No. 46) be denied, and that Defendant Jo-Ann Stores, Inc.'s Motion for Summary Judgment be granted and this action be dismissed with prejudice. Plaintiff has filed a "Motion for Review *De Novo*" (Docket No. 54) with accompanying Memorandum (Docket No. 55), to which Defendant has filed an "Opposition" (Docket No. 57).

The R&R recommends denial of Plaintiff's Motion to Amend because, contrary to Plaintiff's assertion, this case is not in its "infancy." The request to file the 47-page proposed Amended Complaint came fifteen months after the case was filed and after the second scheduling Order's deadline for amending pleadings had passed. Further, Plaintiff has not shown good cause for failing to seek leave to amend earlier, and the proposed Amended Complaint was based upon facts and causes of action that were known to Plaintiff at the time the original Complaint was filed.

The R&R also notes that by separate Order the parties' Motions to Strike were being denied because Magistrate Judge Griffin could sift through the record and make determinations about admissibility and relevance. Plaintiff's discovery motion was also being denied by separate Order

1

because her requests were over broad, sought discovery of evidence not relevant to her claims, and Plaintiff had not shown that she was unable to present facts necessary to justify her opposition to the merits of the summary judgment motion.

Additionally, the R&R recommended granting summary judgment on each of the counts pled in the Complaint. Specifically, the R&R recommends that Plaintiff's Title I claim be dismissed because that statute does not create a new substantive right or cause of action independent of Title VII. It also recommends that Plaintiff's Title VII claims be dismissed because (1) the Affidavit submitted by Plaintiff was unsworn; (2) Plaintiff does not identify her specific race or ethnic origin but instead complains that Jo-Ann allegedly discriminated against her because one customer said she had "nappy" hair and others asked whether she was Jewish or black; (4) Plaintiff failed to identify when the allegedly discriminatory acts took place so as to come within the 300-day requirement for filing a Charge with the Equal Employment Opportunity Commission ("EEOC"); (4) the Complaint contains allegations that go beyond the scope of the Charge; (5) Plaintiff did not show that she suffered an adverse employment action in relation to most of the events about which she complains; and (5) she proffered no evidence showing what specific promotions she believes were unlawfully denied, or that said denials occurred within the 300-day time frame before the filing of her EEOC Charge.

As for Plaintiff's allegations that age is an "alternative basis" for her discrimination claim, the R&R recommends dismissal because the Complaint does not clearly indicate that Plaintiff is pursuing a claim under the Age Discrimination in Employment Act and, even if it did, that claim would fail for the same reasons that the Title VII claims fail. Finally, the R&R recommends that any claim for libel of slander be dismissed because Plaintiff does not specifically plead such a claim or invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

The R&R is thorough, well-reasoned, and will be accepted and approved by the Court. In

accepting the R&R, the Court has considered Plaintiff's Motion for Review and accompanying Memorandum as objections and will overrule them for a number of reasons.

First, Plaintiff was informed in the R&R that any objections needed to "state with particularity the specific portion [of the R&R] to which objection is made." (Docket No. 52 at 18). Statements that Plaintiff objects to the recommended denial of her Motion to Amend and the recommended grant of Defendant's Motion for Summary Judgment are not the sort of specific objections contemplated by the R&R or Rule 72(b)(2) of the Federal Rules of Civil Procedure.

Second, the majority of Plaintiff's "objections" are nothing more than *ad hominem* attacks on Magistrate Judge Griffin's handling of this matter. Plaintiff complains that Magistrate Judge Griffin "lump[ed] every pleading and issue raised without oral discussion of some sort," showed a "willingness to condone, encourage and, in fact, reward the Defendant's bad faith behavior," (Docket No. 54 at 1-2), and engaged "in an outrageous abuse of discretion [that] violates every element of due process," (Docket No. 55 at 3), among other things. These are spurious accusation. Magistrate Judge Griffin handled this case in accordance with the Federal Rules. Plaintiff's complaint about not being afforded a hearing or oral argument before Magistrate Judge Griffin's rulings are without merit, as the vast majority of motions are decided on the papers. Plaintiff's claim that Magistrate Judge Griffin "show[ed] great bias" by summarizing an EEOC letter is unfounded. The summarization is nothing more than an accurate portrayal of what the EEOC letter said: "there is no indication based on all of the evidence that further investigation would disclose a violation of the laws enforced by the EEOC," and "[e]xamination of the information provided did not support your basis of discrimination." (Docket No. 8-1 at 1).

Third, Plaintiff has filed a "Declaration" in support of her Motion for Review in which she details her background and employment history with Jo-Ann. However, the time for filing evidence

is in response to a Motion for Summary Judgment, not after an adverse ruling. While Plaintiff filed an Affidavit in response to Defendant's Motion for Summary Judgment, it was not verified. Contrary to Plaintiff's assertion, an inadmissable document cannot "put the Magistrate on notice that there exist[s] very serious points of disagreement between the parties." (Docket No. 55 at 23).

Fourth, while the "Declaration" purports to be submitted under 28 U.S.C. § 1746, it fails to comply with the requirements of that statute. Most fundamentally, the statute requires that a declaration be "subscribed," but the "Declaration" is unsigned. Plaintiff's later-filed "Notice of Errata" does not cure the fundamental defect because, though signed, the document only say "This errata is to replace page 36 of 89 in Exhibit 1, Declaration of Anne A. Sears." (Docket No. 58 at 1).

Fifth, even if the "Declaration" met the requirements of 28 U.S.C. 1746, it is woefully insufficient to create a genuine issue of material fact Although many alleged "facts" are contained in the 87-paragraph, 36-page document, the "Declaration" has conspicuously few dates, something which Plaintiff has to know was important given the R&R's lengthy discussion of the requirement that an unlawful action occur within 300 days of the filing of an EEOC Charge. Moreover, the "Declaration" is rife with conclusory assertions and hearsay that has not been shown to fit within an exception to the hearsay rule. Neither is admissible at trial and so cannot be considered on a motion for summary judgment. See Petroleum Enchancer, LLC v. Woodward, 690 F.3d 757, 772 (6th Cir. 2012); Sperle v. Mich. Dep't of Corr., 297 F.3d 483, 495 (6th Cir. 2002). The "Declaration" is also full of Plaintiff's own beliefs about her qualifications, her performance, and how she interacted with others; but "subjective beliefs are not a sufficient basis to deny summary judgment." Johnson v. Interstate Brands Corp., 351 F. App'x 36, 41 (6th Cir. 2009) (citing Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992)).

Sixth, Defendant advanced legitimate reasons for its employment actions regarding Plaintiff,

and she has wholly failed to present any admissible evidence "that the employer's proffered reason was in fact a pretext designed to mask illegal discrimination." Hein v. All Am. Plywood Co., 232 F.3d 482, 489 (6th Cir. 2000). Moreover, Plaintiff has failed to establish an essential element of a *prima facie* case of discrimination – that similarly situated employees who engaged in comparable conduct were treated differently. See Craig-Wood v. Time Warner N.Y. Cable LLC, 549 F. App'x 505, 509 (6th Cir. 2014).

Accordingly, and haven undertaken the *de novo* review required by Rule 72(b)(3), the Court rules as follow:

(1) The R&R (Docket No. 52) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Motion for Review *De Novo* (Docket No. 54) is GRANTED and Plaintiff's objections to the R&R are hereby OVERRULED;

(3) Plaintiff's Motion to Amend (Docket No. 46) is hereby DENIED;

(4) Defendant's Motion for Summary Judgment (Docket No. 36) is hereby GRANTED; and

(5) Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE